UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| OLP WYOMING SPRINGS, LLC, <br> *Plaintiff* | § § § § § § § § § § § § § | |
| v. | | |
| HARDEN HEALTHCARE, LLC <br> *Defendant* | | CIVIL NO. A-19-CV-00777-RP |
| v. | | |
| BENJAMIN HANSON, <br> *Intervenor* | | |

# REPORT AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**

Before this Court are Defendant's Motion to Transfer Venue to the Northern District of Texas, filed August 2, 2019 (Dkt. No. 4); Plaintiff Old Wyoming Springs, LLC's Motion to Abstain and/or Remand, filed August 8, 2019 (Dkt. No. 9); Joint Omnibus Supplement on Pending Motions, filed November 7, 2019 (Dkt. No. 39); and the various Response and Reply Briefs. On October 18, 2019, the District Court referred the above motions to the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I. BACKGROUND

On November 10, 2010, Prevarian Senior Living, LP, as landlord, entered into a Lease Agreement (the "Lease") with PM Management-Round Rock AL, LLC ("Tenant") as tenant. On

August 6, 2013, the Lease was transferred and assigned to OLP Wyoming Springs, LLC ("OLP"),[1] the current landlord under the Lease. OLP alleges that the same day the Lease was executed, Harden Healthcare, LLC ("Harden")[2] executed a Guaranty Agreement unconditionally guaranteeing the payment and performance of the tenant's obligations under the Lease, including "the full and prompt payment of Rent" and "all other sums required to be paid by Tenant under the Lease." Dkt. 1-3 at ¶ 8. OLP further alleges that on April 1, 2015, Senior Care Centers, LLC ("SCC")[3] also executed a Guaranty Agreement unconditionally guaranteeing the payment and performance of the tenant's obligations under the Lease. OLP alleges that through the Guaranties, both SCC and Harden guaranteed the payment and performance of all obligations under the Lease and waived any requirement for Landlord to first pursue the Tenant.

OLP alleges that the Tenant has defaulted on its obligations under the Lease. Accordingly, on November 20, 2018, OLP filed this lawsuit in state court against Harden and SCC, alleging breach of contract and seeking to recover damages under the Guaranty Agreements. *See* Dkt. No. 1-3, *OLP Wyoming Springs LLC v. Harden Healthcare LLC and Senior Care Centers LLC*, No. 18-1511-C368 (368th Dist. Ct. Williamson County, Tex. Nov. 20, 2018) ("Petition").

On December 4, 2018, SCC and the Tenant filed for bankruptcy under Chapter 11 of the United States Bankruptcy Code in the Bankruptcy Court for the Northern District of Texas, Dallas Division. *In re Senior Care Centers, LLC*, No. 18-33967 (BJH) (Bankr. N.D. Tex. Dec. 4, 2018) (Dkt. No. 39-1) ("Bankruptcy Case"). On July 24, 2019, OLP non-suited SCC from the instant lawsuit without prejudice. Dkt. No. 1-3 at p. 9. Thus, SCC is no longer a defendant in this case.

---

[1] OLP is a Delaware limited liability company with its principal place of business in Great Neck, New York.
[2] Harden is a Texas company with its principal place of business in Louisville, Kentucky.
[3] SCC is a Delaware company with its principal place of business in Irvine, California.

On July 9, 2019, Harden filed a motion for leave to join Benjamin Hanson, Harden's former corporate officer, as a third-party defendant, alleging that Hanson breached his fiduciary duties. Dkt. No. 1-3 at p. 8-9. The state court denied the motion for leave. On July 25, 2019, however, Hanson filed a petition to intervene as a matter of right, seeking a declaratory judgment that he did not breach his fiduciary duties. *Id.* at p. 10. On July 29, 2019, Harden asserted counterclaims against Hanson and crossclaims against OLP, alleging that Hanson breached his fiduciary duties to Harden and that OLP aided and abetted Hanson's breach of fiduciary duty. *Id.*

On August 2, 2019, Harden removed this case to federal court, arguing that the Court has jurisdiction over this matter pursuant 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure. Harden contends that the dispute is a "core" proceeding in the Bankruptcy Case pursuant to 28 U.S.C. §§ 157(b)(2) and 1334(b) because the claims asserted by OLP "may concern the allowance or disallowance of claims against the estate, and estimation of claims or interests." Dkt. No. 1 at p. 8. Accordingly, Harden asks this Court to transfer this case, pursuant to 28 U.S.C. § 1412, "to the Northern District of Texas—the district where the Bankruptcy Case is currently pending—for subsequent referral to the Bankruptcy Court." Dkt. No. 4 at p. 2.

On August 27, 2019, after Harden's Motion to Transfer was filed, OLP, SCC and the Tenant filed a notice of settlement with the Bankruptcy Court. Dkt. No. 39 at p. 2. The Settlement Agreement specifically states that "this Agreement shall not in any way affect the obligations of Harden Healthcare, LLC, or its successor ('Harden') arising under any related guaranty (the 'Harden Guaranty') of the Lease." Dkt. No. 39-1 at ¶ H. On October 25, 2019, the Bankruptcy Court approved the Settlement Agreement. Dkt. No. 39-1. A final hearing on the proposed plan is scheduled for December 4, 2019. Accordingly, subject to confirmation of the proposed plan, all disputes between OLP and the bankruptcy debtors have been resolved.

OLP objects to the Motion to Transfer. In its Motion to Abstain and/or Remand, OLP argues that this case should be remanded to state court because (1) Harden's Notice of Removal was untimely under the removal statute, (2) the Court does not have jurisdiction under 28 U.S.C. § 1334, and (3) principles of equity support remand. OLP also moves for monetary sanctions against Harden, arguing that there was no objectively reasonable basis for removal.

## II. ANALYSIS

A court may exercise its discretion in determining the order in which to address decisions not affecting the merits of a case. *Hill v. Keliher*, 2019 WL 3837113, at *3 (S.D. Tex. Aug. 14, 2019). Accordingly, the Court will first address OLP's Motion to Remand. *See Needbasedapps, LLC v. Robbins*, 926 F. Supp. 2d 919, 926 (W.D. Tex. 2013); *Hamrick v. Feldman*, 2013 WL 12098757, at *2 (S.D. Tex. Jan. 15, 2013).

OLP argues that this case should be remanded to state court because (1) Harden's Notice of Removal was untimely under the removal statute, (2) the Court does not have jurisdiction under 28 U.S.C. § 1334 to review this case, and (3) principles of equity weigh in favor of remanding the case to state court. On a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.*

### A. TIME LIMITS UNDER 28 U.S.C. § 1446(B)(3)

OLP first argues that this case should be remanded to state court because Harden's Notice of Removal was untimely under 28 U.S.C. § 1446(b)(3). Harden argues that § 1446(b)(3) does not apply in this case because he removed it under 28 U.S.C. § 1452 and, therefore, Rule 9027 of the Federal Rules of Bankruptcy Procedure applies, not § 1446(b)(3). The Court need not decide

4

whether § 1446(b)(3) or Rule 9027 applies to this proceeding,[4] however, because Harden's Notice of Removal was untimely under both statutes.

Section 1441(a), the general removal statute, provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "To remove under this provision, a party must meet the requirements for removal detailed in other provisions." *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 ( 2019).

Section 1446 provides the procedures and deadlines applicable to removals. Under § 1446(b)(1), the notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1). It is undisputed that Harden's Notice of Removal is not timely under § 1446(b)(1) because Harden was served with this lawsuit on December 3, 2018, and did not file its Notice of Removal until August 2, 2019. *See* Dkt. No. 1 and Dkt. 1-3 at p. 5. Unless the plaintiff waives this time limit or it should not apply for an equitable reason, "a defendant who does not timely assert the right to remove loses that right." *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986).

If a case is not removable based on its initial pleading, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended

---

[4] *Cf. Sonnier v. HESCO Bastion USA, LLC*, 2013 WL 5350853, at *5 (M.D. La. Sept. 23, 2013) (noting that "district courts are split on whether Bankruptcy Rule 9027 or Section 1446(b) applies where removal is made to a district court under Section 1452(a)").

pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Harden argues that removal is timely because it was filed within 30 days after July 25, 2019, the date on which Hanson intervened as a defendant in the State Court Action.

Harden is mistaken. The Fifth Circuit has specifically held that the "other paper from which it may first be ascertained" language in § 1446(b) "requires *a voluntary act by the plaintiff*." *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996); *see also, e.g.*, *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000) (finding that "the letter in this case complies with our rule that 'other paper' must result from the voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which now support federal jurisdiction"); *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 254 (5th Cir. 1961) (explaining that "other paper" requires a voluntary act of the plaintiff and specifically noting that an initially non-removable case "cannot be converted into a removable one by evidence of the defendant or by an order of the court"); *Strikes for Kids v. Nat'l Football League*, 2017 WL 2265534, at *3 (N.D. Tex. May 24, 2017) ("The Fifth Circuit has indicated that removal based upon receipt of 'other paper' requires a voluntary act by the plaintiff—as opposed to actions of the defendant or the court."). Thus, an act by a defendant "cannot start the accrual of the 30-day period for removing." *Id.* Because Harden is not basing the removal on an act of OLP in this case, Harden's Notice of Removal is not timely under § 1446(b)(3).

Moreover, the "[i]ntervention by a third party is not a voluntary act of the Plaintiffs that provides a basis for removal." *Toney v. Rimes*, 2017 WL 834985, at *3 (M.D. La. Feb. 9, 2017), *report and recommendation adopted*, 2017 WL 830971 (M.D. La. Mar. 2, 2017); *see also, e.g., Benson v. Benson*, 2015 WL 3622335, at *4 (W.D. Tex. June 9, 2015) ("The intervention of the

6

Co-receivers was not a voluntary act by Plaintiff, and thus cannot provide a basis for Defendant's removal."). In addition, Hanson's Petition in Intervention cannot provide a basis for removal because there is nothing in the Petition which forms "a new ground for removal." *Everett Fin., Inc. v. Kocher*, 2019 WL 4597574, at *2 (N.D. Tex. Sept. 20, 2019) (finding that interrogatory response "does not form new facts that establish a new ground for removal"). As noted, Hanson's Petition in Intervention seeks a declaratory judgment that "he did not violate any fiduciary duties to Defendant Harden." Dkt. No. 1-11 at ¶ 17. Hanson's Petition does not assert any new removable issues.

The Court also notes that Harden's Notice of Removal focuses almost entirely on the Bankruptcy Case and argues that Hanson's Petition is related to the Bankruptcy Case. Thus, the new ground for removal in this case actually is the Bankruptcy Case, which was filed on December 4, 2018. *See* Dkt. No. 39-1. Harden, however, waited until August 2, 2019, to file the Notice of Removal. Harden's Notice of Removal is clearly untimely under § 1446(b)(3).

### B. TIMELINESS UNDER FED. R. BANKR. P. 9027

Harden argues that its Notice of Removal was timely under Rule 9027 of the Federal Rules of Bankruptcy Procedure because it was filed within 30 days of Harden's Petition for Intervention. Harden is mistaken once again.

Section 1452(a) of the Bankruptcy Code states any party "may remove any claim or cause of action in a civil action . . . to the district court for the district where such action is pending" when the district court has jurisdiction over the claim or cause of action under 28 U.S.C. § 1334. Section 1334(b), meanwhile, vests the district court with "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Rule 9027 provides different deadlines for removal, depending on whether the civil action to be removed is commenced before or after the bankruptcy proceeding. Rule 9027(a)(2)

7

provides that if the civil action is pending when the bankruptcy case is commenced, as it was here, a notice of removal must be filed within "(A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief." FED. R. BANKR. P. 9027(a)(2).

To the extent that Rule 9027(a)(2) applies in this case, subsection (a)(2)(A) is the only provision that is applicable, and it requires a Notice of Removal to be filed "90 days after the order for relief in the case under the Code" is entered. The order for relief in this case was entered on December 4, 2018, when the Bankruptcy Case was filed. *See* 11 U.S.C. § 301(b) ("The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter."). Thus, the filing of the bankruptcy proceeding is what triggers the deadline under Rule 9027(a)(2), not the filing of an unrelated Petition for Intervention in the state case. *See In re TXNB Internal Case*, 483 F.3d 292, 299 (5th Cir. 2007) (finding that removal within 90 days "of the order for relief stemming from [petitioner's] bankruptcy petition was timely"); *Morris v. Unified Hous. Found., Inc.*, 2013 WL 1339245, at *2 (N.D. Tex. Feb. 15, 2013) (noting that "a notice of removal must be filed within 90 days after the order for relief is entered in the bankruptcy case" under Rule 9027(a)(2)(A)), *report and recommendation adopted*, 2013 WL 1338270 (N.D. Tex. Apr. 3, 2013).

Harden did not file its Notice of Removal until August 2, 2019, which is more than 90 days after the deadline contained in Rule 9027(a)(2)(A). Thus, Harden's Notice of Removal was untimely under Rule 9027(a)(2)(A) and this case must be remanded to state court.

Because the Court is recommending that the case be remanded to state court since the removal was untimely, the Court need not address OLP's alternate arguments for remand.

C. **REQUEST FOR SANCTIONS**

In its Motion to Remand, OLP also requests an award of attorneys' fees, costs, and expenses incurred as a result of the removal. Courts have the discretion to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). In general, "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). While the Court finds that removal was improper in this case, OLP has not provided the Court with sufficient documentation to support its request for fees and costs. The Court, in its discretion, therefore recommends that OLP's request for sanctions be **DENIED**.

### III. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** OLP's Motion to Remand and **REMAND** this case to state court but **DENY** OLP's request for sanctions (Dkt. No. 9). The undersigned **FURTHER RECOMMENDS** that the District Court **DISMISS AS MOOT** Defendant's Motion to Transfer Venue to the Northern District of Texas (Dkt. No. 4).

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Robert Pitman.

### IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v.*

*United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on November 14, 2019.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE